127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ALLIANCE GENERAL INSURANCE COMPANY, an Illinois corporation,
Plaintiff-Appellant,
v.
Marcie THOMPSON, an individual, Defendant-Appellee.
 No. 96-55910.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted October 9, 1997.
Filed Oct. 16, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-95-08865-JSL; J. Spencer Letts, District Judge, Presiding.
 Before O'SCANNLAIN, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Alliance General Insurance Company ("Alliance") appeals the district court's dismissal, pursuant to Fed.R.Civ.P. 12(b)(6), of its claim against Marcie Thompson for the tort of intentional spoliation of evidence. Petitioner argues that the district court erred in holding that, under California law, an intentional spoliation claim must be brought as part of the original lawsuit. We disagree, and affirm.
 
 
 3
 In California, claims for the intentional spoliation of evidence must be brought prior to, or during, the litigation process that leads to the claim. A claim brought post-judgment under California case law is barred as a collateral attack on a final judgment. Smith v. Superior Court, 151 Cal.App.3d 491, 498, 198 Cal.Rptr. 829, 833-34 (1984). Alliance argues that because it is not trying to set aside the judgment entered by the California court, this suit does not constitute a collateral challenge of the judgment. However, under California case law a subsequent attack on the veracity of evidence that formed the basis for a former judgment constitutes a collateral attack on the former trial, regardless of whether the litigants are expressly seeking to have the prior judgment set aside. Kachig v. Boothe, 22 Cal.App.3d 626, 636-37, 99 Cal.Rptr. 393, 399-400 (1971).
 
 
 4
 Contrary to Alliance's contention, the 1991 amendments to California Civil Code § 47(b) do not alter this analysis. Under section 47(b), all communications with "some relation" to judicial proceedings are immune from tort liability. The 1991 amendments added communication related to spoliation of evidence to the short list of exceptions to the immunity privilege. However, the 1991 amendments did not change existing California law to allow collateral attacks on final judgments. There is nothing in the plain language of the 1991 amendments which suggests that the California legislature intended to create a post-judgment cause of action for spoliation. "Unless expressly provided, statutes should not be interpreted to alter the common law, and should be construed to avoid conflict with common law rules." California Ass'n. of Health Facilities v. Department of Health Servs., 940 P.2d 323, 331 (Cal.1997) (internal quotations omitted).
 
 
 5
 For these reasons, the district court properly dismissed this action.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3